UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WORCESTER DIVISION

| | |
|---|---|
| ROBERT N. HARRINGTON,<br>　　　Plaintiff,<br><br>v.<br><br>JAMES M. KREIDLER, JR. AND THE<br>TOWN OF WINCHENDON,<br>　　　Defendants. | CIVIL ACTION NO.<br><br>05-40115 FDS<br>RECEIPT # 404609<br>AMOUNT $ 250.00<br>SUMMONS ISSUED ✓<br>LOCAL RULE 4.1 ✓<br>WAIVER FORM ✓<br>MCF ISSUED ___<br>BY DPTY. CLK. ___<br>DATE 7-12-05 |

## PARTIES

1. The Plaintiff, Robert N. Harrington, is an individual with a usual place of residence in Winchendon, Worcester County, Massachusetts.

2. The Town of Winchendon is a duly formed Town in the Commonwealth of Massachusetts.

3. The Defendant, James M. Kreidler, Jr., is an individual with a usual place of residence in Worcester County, Massachusetts. At all relevant times, Defendant James M. Kreidler, Jr. was employed as the Town Manager for the Defendant, Town of Winchendon and had a usual place of business at 109 Front Street, Winchendon, Worcester County, Massachusetts.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Count I pursuant to 38 U.S.C. §4323. The Court has jurisdiction over the remainder of the complaint pursuant

to 28 U.S.C. § 1367.

5. This Defendants are domiciled and have their principal place of business in this district, and are therefore subject to personal jurisdiction here.

6. Venue is proper in this district pursuant to 38 U.S.C.4323.

## FACTS

7. On December 20, 1999, the Plaintiff Robert N. Harrington was appointed Chief of Police for the Town of Winchendon and entered into a three (3) year contract as Chief of Police.

8. During January 2001, Defendant James M. Kreidler, Jr. was hired by the Town of Winchendon to act as Town Manager.

9. During a police investigation of a shooting during January 2001, the Chief of Police prevented Burt Gould, a Selectman for the Town of Winchendon from taking pictures at the crime scene. Despite being instructed that he was not to take pictures at the crime scene, the selectman attempted to cross the police line and take pictures.

10. On June 4, 2001, the Defendant, James M. Kreidler, Jr. suspended the Plaintiff for five days relative to his handling of the January 2001 shooting investigation and his reporting of the investigation of the investigation to the press.

11. On September 17, 2001, the Defendant gave the Plaintiff a so-called "letter of warning" for making a statement at a union grievance hearing regarding federal grant requirements. The Defendant gave the Plaintiff the written warning in an effort to prevent the Plaintiff from exercising his right to free speech.

12. On December 10, 2001, the Defendant Town Manager requested the Plaintiff to

do a criminal records (CORI) check. The Plaintiff informed the Defendant James M. Kreidler, Jr. that it was unlawful for him to do CORI checks for purposes unrelated to police business.

13. During the morning of January 7, 2002, the Plaintiff notified Defendant Kreidler that he likely would be going on duty with the Army National Guard and that he would be using his accumulated vacation time while on duty with the Army National Guard. When the Plaintiff informed Defendant Kreidler that he would be going on duty with the Army National Guard, Defendant Kreidler began to question the Plaintiff about the validity of his orders and about the fact that Plaintiff intended to use accrued benefit time while his was on active duty. During the afternoon of January 7, 2002, Defendant Kreidler informed the Plaintiff that although his contract provided that the Plaintiff was entitled to compensatory time, he expected the Plaintiff to work overtime without taking compensatory time. Defendant Kreidler's actions in this regard were in retaliation for the Plaintiff using his accrued vacation time to go on Army National Guard duty.

14. On January 10, 2002, the Defendant Town Manager issued the Plaintiff a written reprimand purportedly for making false statements about James M. Kreidler, Jr.. This reprimand was given in an effort to prevent the Plaintiff from exercising his right to free speech.

15. The Plaintiff contacted the Veterans' Employment and Training Service to determine what his rights and obligations were regarding his going on active duty with the Army National Guard.

16. The Plaintiff notified Defendant Kreidler that the Plaintiff was entitled to use his

accumulated benefited time for active duty. Despite this fact, Defendant Kreidler continued to harass the Plaintiff regarding the fact that he was going on active duty and the fact the Plaintiff was using his accumulated benefit time. On January 23, 2002, Defendant Kreidler once again began to harass the Plaintiff regarding his Army National Guard duty and told the Plaintiff that he should not use his vacation time for Army National Guard duty.

17. As a result of the Plaintiff exercising his right to free speech and his rights under 38 U.S.C. §4301 et seq., Defendant Kreidler engaged in a pattern of behavior intended to harass, intimidate, embarrass and torment the Plaintiff, including but not limited to: denigrating the Plaintiff in public meetings; making defamatory statements regarding the Plaintiff' job performance to the Town of Winchendon Board of Selectmen and various news papers; giving the Plaintiff frivolous suspensions from work; restricting the Plaintiff's management responsibilities; undermining the Plaintiff's authority with his staff; requiring the Plaintiff to work patrol shifts, limiting the Plaintiff's use of his police vehicle, preventing the Plaintiff from attending meetings with other local chiefs of police; repeatedly threatening to suspend and/or terminate the Plaintiff's employment with the Town of Winchendon; disclosing the Plaintiff's personnel file to third parties; pressuring the Plaintiff to work overtime without receiving compensation time; and by initiating police investigations into his family members.

18. On March 4, 2002, the Plaintiff returned from Army National Guard duty and reported to work. Immediately upon his return, Defendant Kreidler once again began harassing the Plaintiff about taking time off for Army National Guard duty.

19. On March 6, 2002, the Plaintiff filed a complaint with the United States Department of Labor, Veteran's Employment and Training Service.

20. On March 11, 2002, Defendant Kreidler suspended the Plaintiff from work for five days for going on active duty and for making a complaint to the Department of Labor.

21. On April 16, 2002, Defendant Kreidler harassed the Plaintiff about the fact that the Plaintiff had left work at 11:00 a.m. on the previous Friday to go on Army National Guard duty.

22. On May 13, 2004, Defendant Kreidler harassed and threatened the Plaintiff regarding a recent press release by the Plaintiff.

23. On May 20, 2004, a meeting was conducted between Winchendon Selectman Burt Gould, Defendant Kreidler and the Plaintiff. During this meeting, Selectman Gould threatened the Plaintiff that that he better fix any parking tickets when he asked for tickets to be fixed.

24. On July 2, 2002, Defendant Kreidler requested the Plaintiff to conduct another CORI check. Once again, the Plaintiff refused to do the CORI check and informed Defendant Kreidler that it was illegal for him to make such an inquiry for non-police related purposes.

25. On July 10, 2002, the Plaintiff made a complaint to the Massachusetts Ethics Commission regarding Selectman Burt Gould.

26. On July 19, 2002, the Defendant Kreidler placed the Plaintiff on administrative leave. On December 19, 2002, Defendant Kreidler terminated the Plaintiff's employment.

## COUNT I

### (ROBERT N. HARRINGTON v. JAMES M. KREIDLER, JR. AND THE TOWN OF WINCHENDON) (VIOLATIONS OF 38 U.S.C. §4301 et seq.)

27. The Plaintiff restates and incorporates herein by reference allegations one through twenty-seven of this Complaint as if expressly rewritten herein.

28. Defendant Kreidler violated 38 U.S.C. §4311 by discriminating against, harassing, punishing, suspending and ultimately terminating the Plaintiff's employment as a result of the Plaintiff performing his duties with the Army National Guard as wells as applying to perform his duties with the Army National Guard.

29. Defendant Kreidler violated 38 U.S.C. §4311 by discriminating against, harassing, punishing, suspending and ultimately terminating the Plaintiff's employment because the Plaintiff had taken action to enforce his rights under 38 U.S.C. § 4301 et seq. and had made statements in connection with proceedings under 38 U.S.C. § 4301 et seq. and had exercised his rights under 38 U.S.C. § 4301 et seq.

30. When Defendant Kreidler violated 38 U.S.C. § 4301 et seq. he was acting within the scope of his employment with the Town of Winchendon.

31. As a result of the Defendants' violations of 38 U.S.C. § 4301 et seq., the Plaintiff suffered damages, including but not limited to lost wages.

WHEREFORE, the Plaintiff requests that judgment enter in his favor against the Defendants James M. Kreidler, Jr. and the Town of Winchendon, jointly and severally, in an amount of be determined by a judge or jury and that the Court award liquidated

damages and also award the Plaintiff his legal fees and costs incurred in pursuing this action. The Plaintiff further requests that the Court issue an order directing that the Town of Winchendon reinstate the Plaintiff as Police Chief for the Town of Winchendon.

## COUNT II

### (ROBERT N. HARRINGTON v. JAMES M. KREIDLER, JR.)
### (VIOLATIONS OF c. 12, §11I)

32. The Plaintiff restates and incorporates herein by reference allegations one through twenty-seven of this complaint as if expressly rewritten herein.

33. Defendant James M. Kreidler, Jr., by threats, intimidation and/or coercion, interfered with the Plaintiff's exercise or enjoyment of rights secured to him by the constitutions and the laws of the Commonwealth of Massachusetts, and the Constitution and laws of the United States, including but not limited to the Plaintiff's right to free speech, the Plaintiff's rights under 38 U.S.C. § 4301 et seq. and the Plaintiff's employment.

WHEREFORE, the Plaintiff requests that judgment enter in his favor against Defendant James M. Kreidler, Jr. in an amount of be determined by a judge or jury plus interest, costs and reasonable attorneys' fees.

## COUNT III

### (ROBERT N. HARRINGTON v. JAMES M. KREIDLER, JR.)
### (VIOLATIONS OF 42 U.S.C. §1983)

34. The Plaintiff restates and incorporates herein by reference allegations one through twenty-seven of this complaint as if expressly rewritten herein.

35. Defendant James M. Kreidler, Jr., under color of state law, deprived the Plaintiff of the exercise or enjoyment of rights secured to him by the Constitution of the

United States and the laws of the United States of America including but not limited to the Plaintiff's right to free speech, the Plaintiff's rights under 38 U.S.C. § 4301 et seq. and the Plaintiff's employment.

WHEREFORE, the Plaintiff requests that judgment enter in his favor against the Defendant James M. Kreidler, Jr. in an amount of be determined by a judge or jury plus interest, costs and reasonable attorneys' fees.

## COUNT IV

### (ROBERT N. HARRINGTON v. JAMES M. KREIDLER, JR. AND THE TOWN OF WINCHENDON)
### (INVASION OF PRIVACY)

36. The Plaintiff restates and incorporates herein by reference allegations one through twenty-seven of this complaint as if expressly rewritten herein.

37. Defendant James M. Kreidler, Jr. wrongfully invaded the Plaintiff's right to privacy by disclosing his personnel file to individuals not entitled to review the personnel file and by continually disclosing information to the newspapers in the Winchendon area that unreasonably placed the Plaintiff in a false light before the public.

38. At all times that the Defendant Kreidler was interfering with the Plaintiff's right to privacy, he was acting within the scope of his employment with the Town of Winchendon.

WHEREFORE, the Plaintiff requests that judgment enter in his favor against the Defendants James M. Kreidler, Jr. and the Town of Winchendon, jointly and severally, in an amount of be determined by a judge or jury and that the Court also award the Plaintiff his legal fees and costs incurred in pursuing this action.

## COUNT V

### (ROBERT N. HARRINGTON v. JAMES M. KREIDLER, JR. AND THE TOWN OF WINCHENDON)
### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

39. The Plaintiff restates and incorporates herein by reference allegations one through twenty-seven of this complaint as if expressly rewritten herein.

40. As set forth in paragraph 17, Defendant James M. Kreidler, Jr. engaged in an outrageous and extreme course of conduct with the intention of causing the Plaintiff to suffer severe emotional distress.

41. As a result of the Defendant Kreidler's conduct, the Plaintiff did suffer severe emotional distress.

42. At all times that the Defendant Kreidler was inflicting emotion distress on the Plaintiff, he was acting within the scope of his employment with the Town of Winchendon.

WHEREFORE, the Plaintiff requests that judgment enter in his favor against the Defendants James M. Kreidler, Jr. and the Town of Winchendon, jointly and severally, in an amount of be determined by a judge or jury and that the Court also award the Plaintiff his legal fees and costs incurred in pursuing this action.

## JURY TRIAL REQUEST

The Plaintiff requests a jury trial on each Count of this complaint.

Respectfully submitted,
Robert N. Harrington,
By his Attorney,

L. Richard LeClair, III
LeClair & LeClair, P.C.
135 Beaver Street, 2nd Floor
Waltham, Massachusetts 02452
(781) 893-5655
BBO# 561650

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

05-40115

1. Title of case (name of first party on each side only) __Harrington v. Kreidler et al__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   — I. 160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

   ✓ II. 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730, *Also complete AO 120 or AO 121
          740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.    for patent, trademark or copyright cases

   — III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
          315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
          380, 385, 450, 891.

   — IV. 220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
         690, 810, 861-865, 870, 871, 875, 900.

   — V. 150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   __∅__

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐    NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐    NO ☒
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐    NO ☒

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐    NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☒    NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☐    Central Division ☒    Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐    NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __L. Richard LeClair III__
ADDRESS __135 Beaver Street Waltham MA 02452__
TELEPHONE NO. __1-(781)-893-5655__

(CategoryForm.wpd -5/2/05)

JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

**05-40115**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Robert N. Harrington

**DEFENDANTS**
James M. Kreidler Jr. & The Town of Winchendon, MA

(b) County of Residence of First Listed Plaintiff: **Worcester**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Worcester**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
L. Richard LeClair, III, LeClair & LeClair P.C., 135 Beaver Street, Waltham, MA 02452
(781) 893-5655

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | **PERSONAL INJURY** | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Med. Malpractice | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | ☐ 365 Personal Injury - Product Liability | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 368 Asbestos Personal Injury Product Liability | ☒ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | **PERSONAL PROPERTY** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 370 Other Fraud | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 371 Truth in Lending | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 380 Other Personal Property Damage | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 385 Property Damage Product Liability | | | ☐ 950 Constitutionality of State Statutes |
| | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | |
| | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | |
| | ☒ 442 Employment | **Habeas Corpus:** | | |
| | ☐ 443 Housing/Accommodations | ☐ 530 General | | |
| | ☐ 444 Welfare | ☐ 535 Death Penalty | | |
| | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | |
| | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
38 U.S.C. 4323
Brief description of cause:
Plaintiff's employment terminated in violation of 38 U.S.C 4323

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ $350,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 7/12/05
SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____