UNITED STATES DISTRCIT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ROBERT N. HARRINGTON, JR.<br>Plaintiff | )<br>)<br>) | CASE NUMBER 05-40115 FDS |
| VS | )<br>) | |
| JAMES M KREIDLER, JR. AND<br>THE TOWN OF WINCHENDON<br>Defendants | )<br>)<br>) | |

**DEFENDANTS' ANSWER TO PLAINITFF'S COMPLAINT**

**FIRST DEFENSE**

The defendants state that the plaintiff's complaint fails to state a cause of action upon which relief can be granted.

**SECOND DEFENSE**

The defendants hereby answer the plaintiff's Complaint, Paragraph by Paragraph, as follows:

**PARTIES**

1.     The defendants lack knowledge sufficient to allow them to answer this paragraph.

2.     The defendants admit the allegations contained in this paragraph.

3.     The defendants admit the allegations contained in this paragraph.

**JURISDICTION AND VENUE**

4.     The allegations contained in this paragraph of the plaintiff's complaint state a conclusion of law to which the defendants need not respond.

5.     The defendants admit the allegations contained in this paragraph.

6.     The allegations contained in this paragraph of the plaintiff's complaint state a conclusion of law to which the defendants need not respond.

7.     The defendants admit the allegations contained in this paragraph.

8.   The defendants admit that Mr. Kreidler began serving as the Town Manager of Winchendon in 2001.

9.   The defendants lack knowledge sufficient to allow them to answer this paragraph.

10.   The defendants admit the allegations contained in this paragraph.

11.   The defendants admit that the defendant gave the plaintiff a letter of warning. The defendants deny that the letter was given "in an effort to prevent the plaintiff from exercising his right to free speech".

12.   The defendants admit that in December 2001, the Town Manager asked for a CORI check. The defendants further admit that the plaintiff had a discussion whether this format for the CORI check was proper.

13.   The defendants admit that in January 2002, the plaintiff and the defendant, Kreidler, discussed his active duty status. The defendants deny that any of Mr. Kreidler's actions were "in retaliation for the plaintiff using his accrued vacation time to go on Army National Guard duty".

14.   The defendants admit that on January 10, 2002, the defendant gave the plaintiff a written reprimand. The defendants deny that "this reprimand was given in an effort to prevent the plaintiff from exercising a right to free speech".

15.   The defendants lack knowledge sufficient to allow them to answer this paragraph.

16.   The defendants admit that at some point the plaintiff notified Mr. Kreidler that he was entitled to use his accumulated benefit time for active duty. The defendants deny that Mr. Kreidler harassed the plaintiff at any time.

17.   The defendants deny the allegations contained in this paragraph.

18.   The defendants admit that on or about March 4, 2002, the plaintiff returned to work in the Town of Winchendon. The defendants deny the remaining allegations in this paragraph.

19.   The defendants lack knowledge sufficient to allow them to answer this paragraph.

20.   The defendants admit that Mr. Kreidler suspended the plaintiff on March 11, 2002. The defendants deny the remaining allegations in this paragraph.

21.   The defendants deny the allegations contained in this paragraph.

22.   The defendants deny the allegations contained in this paragraph.

23. The defendants deny the allegations contained in this paragraph.

24. The defendants admit that Mr. Kreidler and the plaintiff discussed a CORI check.

25. The defendants lack knowledge sufficient to allow them to answer this paragraph.

26. The defendants admit the allegations contained in this paragraph.

## COUNT I
### (ROBERT N. HARRINGTON V. JAMES M KREIDLER, JR. AND THE TOWN OF WINCHENDON)
### (VIOLATIONS OF 38 U.S.C. §4301 et seq.)

27. The defendants hereby repeat their responses to Paragraphs 1 through 26 of the plaintiff's complaint.

28. The defendants deny the allegations contained in this paragraph.

29. The defendants deny the allegations contained in this paragraph.

30. The defendants deny the allegations contained in this paragraph.

31. The defendants deny the allegations contained in this paragraph.

WHEREFORE, the defendants deny that the plaintiff is entitled to judgment in any amount against the defendants and, furthermore, the defendants ask this Honorable Court to enter judgment for the defendants and against the plaintiff along with interest, costs and attorneys fees.

## COUNT II
### (ROBERT N. HARRINGTON V JAMES M. KREIDLER, JR.)
### (VIOLATIONS OF c.12, §111)

32. The defendants hereby repeat their responses to Paragraphs 1 through 31 of the plaintiff's complaint.

33. The defendants deny the allegations contained in this paragraph.

WHEREFORE, the defendants deny that the plaintiff is entitled to judgment in any amount against the defendants and, furthermore, the defendants ask this Honorable Court to enter judgment for the defendants and against the plaintiff along with interest, costs and attorneys fees.

## COUNT III
### (ROBERT N. HARRINGTON V JAMES M. KREIDLER, JR.)
### (VIOLATIONS OF 42 U.S.C. §1983)

34. The defendants hereby repeat their responses to Paragraphs 1 through 33 of the plaintiff's complaint.

35. The defendants deny the allegations contained in this paragraph.

WHEREFORE, the defendants deny that the plaintiff is entitled to judgment in any amount against the defendants and, furthermore, the defendants ask this Honorable Court to enter judgment for the defendants and against the plaintiff along with interest, costs and attorneys fees.

### COUNT IV
### (ROBERT N. HARRINGTON V JAMES M. KREIDLER, JR. AND THE TOWN OF WINCENDON)
### (INVASION OF PRIVACY)

36. The defendants hereby repeat their responses to Paragraphs 1 through 35 of the plaintiff's complaint.

37. The defendants deny the allegations contained in this paragraph.

38. The defendants deny the allegations contained in this paragraph.

WHEREFORE, the defendants deny that the plaintiff is entitled to judgment in any amount against the defendants and, furthermore, the defendants ask this Honorable Court to enter judgment for the defendants and against the plaintiff along with interest, costs and attorneys fees.

### COUNT V
### (ROBERT N. HARRINGTON V JAMES M. KREIDLER, JR. AND THE TOWN OF WINCENDON)
### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

39. The defendants hereby repeat their responses to Paragraphs 1 through 38 of the plaintiff's complaint.

40. The defendants deny the allegations contained in this paragraph.

41. The defendants deny the allegations contained in this paragraph.

42. The defendants deny the allegations contained in this paragraph.

WHEREFORE, the defendants deny that the plaintiff is entitled to judgment in any amount against the defendants and, furthermore, the defendants ask this Honorable Court to enter judgment for the defendants and against the plaintiff along with interest, costs and attorneys fees.

## AFFIRMATIVE DEFENSES

**AFFIRMATIVE DEFENSE NO. 3**

By way of affirmative defense, the defendants state that the defendants' actions are entitled to qualified good faith immunity.

**AFFIRMATIVE DEFENSE NO. 4**

By way of affirmative defense, the defendants say that the action is barred by the applicable statute of limitations.

## JURY DEMAND

The defendants respectfully demand a trial by jury.

Respectfully submitted,
Defendants, James M Kreidler, Jr. and
Town of Winchendon,
By their attorneys,


/s/ Leonard H. Kesten
Leonard H. Kesten. BBO No. 542042
BRODY, HARDOON, PERKINS & KESTEN, LLP
One Exeter Plaza
Boston, MA 02116
617-880-7100

Dated: November 23, 2005