UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ROBERT N. HARRINGTON JR. ) | | CASE NUMBER 05-40115 FDS |
| Plaintiff ) | | |
| ) | | |
| VS ) | | |
| ) | | |
| JAMES M KREIDLER, JR. AND ) | | |
| THE TOWN OF WINCHENDON ) | | |
| Defendants ) | | |

### DEFENDANTS' FIRST REQUEST FOR JURY INSTRUCTIONS

Now come the defendants in the above-referenced matter and pursuant to Rule 51 of the Fed. R. Civ. P. respectfully submits the following requests for Instructions to the jury:

**BURDEN OF PROOF**

1. In a civil action such as this one, the burden of proof is upon the plaintiff to prove each and every essential element of his claim by a preponderance of the credible evidence. If the plaintiff fails to prove any one of the essential elements of his claim by a preponderance of the credible evidence, or if the credible evidence is equally balanced as to any of the essential elements of the plaintiff'' claims, then you must find for the defendants. Kenney v. Sears Roebuck & Co., 365 Mass. 604 (1969). Borelli v. Top Value Enterprises, 356 Mass. 110, 113, 248 N.E. 2d 510 (1969).

2. The burden of proof is on the plaintiff in a §1983 civil rights action, such as this one, to "prove by a preponderance of the evidence that he or she was deprived of a right secured by the Constitution by a person acting under the color of state law." Tatro v. Kervin, 41 F.3d 9, 14 (1st Cir. 1994) (citing Pittsley v. Warish, 927 F.2d 3, 6 (1st Cir.), cert. denied, 502 U.S. 879, 112 S.Ct. 226

(1991); Fernandez v. Rapone, 926 F. Supp. 255, 260 (D. Mass. 1996).

**CLAIM UNDER 42 U.S.C. § 1983**

3. 42 U.S.C. § 1983 provides: "Every person who, under color or any statute, ordinance, regulation, custom, or usage of any State or Territory ... subjects or causes to be subjected, any citizen of the United States ... to the deprivation of any rights or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law ..." 42 U.S.C. § 1983.

4. In order to prevail in this case, the plaintiff must first and foremost establish that his rights protected by the United States Constitution have been violated. The Plaintiff contends that his rights protected by the First Amendment have been violated.

5. Not every tort allegedly committed by a public employee rises to the level of a constitutional violation. Martinez v. California, 444 U.S. 277, 281 (1980); Parratt v. Taylor, 451 U.S. 527, 544 (1981); Baker v. McCollan, 443 U.S. 137, 146 (1979); Furtado v. Bishop, 604 F. 2d 80, 95 (1st Cir. 1979).

6. The first inquiry is to decide whether in fact the plaintiff was deprived of a constitutional right. Not all rights are constitutional rights; to find the defendants responsible under the Civil Rights Law, there must be a specific finding that the plaintiff's constitutional rights were violated. If there is no constitutional violation, then there can be no claim. See City Of Los Angeles v. Heller, 475 U.S. 796 (1986); Evans v. Avery, 100 F.3d 1022, 1039 (1st Cir. 1996), cert. denied, 117 S. Ct. 1693 (1997).

7. Section 1983 "imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law. Baker

v. McCollan, 443 U.S. 137 (1979).  Remedies for "the latter type of injury must be sought in state court under traditional tort-law principles…".  Id.  Violations of state tort law do not become constitutional violations "merely because the defendant is a state official."  Id.

**MASSACHUSETTS CIVIL RIGHTS**

8. The Massachusetts Civil Rights Act ("MRCA"), G.L. c.12 §§11H and 11I, is "coextensive with 42 U.S.C. §1983, except that the federal statute requires state action whereas its state counterpart does not."  Thus, if you find that the plaintiff is not entitled to recover under the federal civil rights, then the plaintiff is not entitled to recover under the Massachusetts Civil Rights Act. Batchelder v. Allied Stores Corp., 393 Mass. 819, 922-23 (1985).

9. To recover under the Massachusetts Civil Rights Act, the plaintiff must prove by a preponderance of the evidence that not only were his civil rights violated, but that those rights were interfered with by threats, intimidation or coercion, which is an "essential element" of a claim under the MRCA.  Layne v. Superintendent, Massachusetts Correctional Institution, 406 Mass. 156, 158 (1989).

10. The terms threats, intimidation or coercion are to be "applied according to their natural connotation, that of forcing submission by conduct calculated to frighten, harass, or humiliate."  "A direct violation of a person's rights does not by itself involve threats, intimidation, or coercion and thus does not implicate [the Massachusetts Civil Rights Act]."  Indeed, "adverse administrative action, at least when not part of a scheme of harassment, does not amount to "threats, intimidation, or coercion."  Utility Contractors Ass'n of New England, Inc. v Dept. of Public Works, 29 Mass. App. Ct. 726, 781

(1991). Longval v. Commissioner of Correction, 404 Mass. 325, 333 (1989). Smith v. Town of Longmeadow, 29 Mass. App. Ct., 599, 603 (1990).

## CLAIM UNDER 38 U.S.C. § 4301

11. In this case the Plaintiff makes a claim under the Uniformed Services Employment and Reemployment Rights Act that prohibits employers from discriminating against employees in the terms and conditions of their employment because of the employee's membership in a military service, his past calls to military duty, and his continuing obligation to perform military service.

12. You should be mindful that the law applicable to this case requires only that an employer not discriminate against an employee because of the employee's membership in a military service. So far as you are concerned in this case, an employer may discharge or not renew an employee for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the employee to lead you to substitute your own judgment for that of the Defendant even though you personally may not favor the action taken and would have acted differently under the circumstances.

13. If you find that the Plaintiff's membership in a military service was a substantial or motivating factor that prompted the Defendants' actions, you must then decide whether the Defendants have shown by a preponderance of the evidence that the Plaintiff would have been dismissed or not renewed for other reasons even in the absence of consideration of the Plaintiff's membership in a military service. If you find that the Plaintiff would have been dismissed or not renewed for reasons apart from the Plaintiff's

membership in a military service, then your verdict should be for the Defendant.

        Respectfully submitted,
        Defendants, James M Kreidler, Jr. and
        Town of Winchendon,
        By their attorneys,


        _____/s/ *Samuel Perkins*_____
        Samuel Perkins, BBO#542396
        Kristin Tyler Harris, BBO# 654883
        BRODY, HARDOON, PERKINS & KESTEN, LLP
        One Exeter Plaza
        Boston, MA 02116
        617-880-7100

Dated:   May 28, 2008