UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT N. HARRINGTON, JR. ) <br> Plaintiff, ) <br> ) <br> VS. ) <br> ) <br> JAMES M KREIDLER, JR. AND ) <br> THE TOWN OF WINCHENDON, ) <br> Defendants. ) | CASE NUMBER 05-40115 FDS |

**PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE ANY EVIDENCE OF ANY ADMINISTRATIVE INVESTIGATIONS, ADMINISTRATIVE HEARINGS OR CIVIL SERVICE HEARINGS**

Now comes the Plaintiff, Robert N. Harrington, Jr., by and through his attorney and hereby moves this Court for an order excluding any and all evidence, references to evidence, testimony or argument describing the results or conclusions of any "Administrative Investigations", "Administrative Hearings" or "Civil Service Hearings" involving the Plaintiff and the Defendants or the fact the Plaintiff appealed to any "Administrative Hearings" or "Civil Service Hearings". The Plaintiff further moves the Court to instruct the Defendants and Defendants' counsel and to instruct counsel to advise all witnesses:

1. Not to mention, refer to, or attempt to convey to the jury in any manner, either directly or indirectly, the fact that the Plaintiff appealed his discipline to an "Administrative Hearing" or "Civil Service Hearing" or the results of any "Administrative Investigations", "Administrative Hearings" or "Civil Service Hearings" involving the Plaintiff and the Defendants;

2. Not to make any reference to the fact that this motion has been filed; and

3. To warn and caution each of defendant's witnesses to strictly follow the same instructions.

As grounds therefore, the Plaintiff states as follows:

1. The Plaintiff was the Police Chief of the Town of Winchendon and his employment was subject to the protections and procedures set forth in M.G.L. c. 31.

2. Pursuant to M.G.L. c. 31, the Plaintiff appealed a number of disciplinary actions taken against him to an "Administrative Hearing" and then to a hearing before the Civil Service Commission ("Civil Service Hearing").

3. Additionally, the Town of Winchendon hired an investigator to conduct an "Administrative Investigation" of the Plaintiff.

4. The Civil Service Commission issued a decision on the Plaintiff's appeal which was appealed by the Defendants and then appealed by the Plaintiff. As such, the decision of the Civil Service Commission is not final and has no evidentiary value.

5. In each instance, any evidence relative to the results of the "Administrative Investigations", "Administrative Hearings" or "Civil Service Hearings" would be hearsay.

6. Additionally, any evidence of the "Administrative Investigations", "Administrative Hearings" or "Civil Service Hearings" would be irrelevant and highly prejudicial to the Plaintiff.

WHEREFORE, the Plaintiff requests that the Court allow this motion and issue an order consistent therewith and any other relief the Court deems reasonable and just.

Respectfully Submitted,

The plaintiff,
By his attorney,


/s/ L. Richard LeClair, III
L. Richard LeClair, III, BBO#561650
LeClair & LeClair, P.C.
707 Main Street
Waltham, MA 02451
781-893-5655

Date:   May 28, 2008