UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ROBERT N. HARRINGTON, JR. | ) | CASE NUMBER 05-40115 FDS |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| JAMES M KREIDLER, JR. AND | ) | |
| THE TOWN OF WINCHENDON, | ) | |
| Defendants. | ) | |

## PLAINTIFF'S REQUEST FOR JURY INSTRUCTIONS

Pursuant to Rule 51 of the Federal Rules of Civil Procedure, the Plaintiff, Robert N.

Harrington, Jr., requests this Court to read the attached instructions to the jury. The Plaintiff

reserves the right to supplement these requests as the trial proceeds.

Respectfully Submitted,

The plaintiff,
By his attorney,

/s/ L. Richard LeClair, III
L. Richard LeClair, III, BBO#561650
LeClair & LeClair, P.C.
707 Main Street
Waltham, MA  02451
781-893-5655

Date:   May 28, 2008

PLAINTIFF'S JURY INSTRUCTION NO. 1

RE: PROVINCE OF THE COURT

Members of the jury: Now that you have heard the evidence and the arguments, it becomes my duty to give you the instructions of the Court as to the law applicable to this case.

It is your duty as jurors to follow the law as stated in these instructions, and to apply the rules of law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other view of the law than that given in the instructions of the Court. Further, it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything but the evidence in the case.

Justice through trial by jury must always depend upon the willingness of each individual juror to seek the truth as to the facts from the same evidence presented to all the jurors, and to arrive at a verdict by applying the same rules of law as given in the instructions of the Court.

Authorities: Based on Devitt and Blackmar, Federal Jury Practice and Instructions §§ 11.01 and 71.01.

PLAINTIFF'S JURY INSTRUCTION NO. 2

RE: PROVINCE OF THE JURY

You have been chosen and sworn as jurors in this case to try the issues of fact presented in this case. You are to perform this duty without bias or prejudice as to any party. Our system of law does not permit jurors to be governed by sympathy, prejudice or public opinion. Both the parties and the public expect that you will carefully, and impartially, consider all the evidence in the case, follow the law as stated by the Court and reach a just verdict.

Authorities: Based on Devitt and Blackmar, Federal Jury Practice and Instructions §§ 11.03 and 71.01.

PLAINTIFF'S JURY INSTRUCTION NO. 3

RE: ELECTION OF FOREPERSON

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in court.

You will take a verdict form to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the verdict upon which you unanimously agree, and then return with your verdict to the courtroom.

Authorities: Based on Devitt and Blackmar, Federal Jury Practice and Instruction § 74.04.

PLAINTIFF'S JURY INSTRUCTION NO. 4

RE: VERDICT UNANIMOUS- DUTY TO DELIBERATE

The verdict must represent the considered unanimous judgment of all of the jurors. In order to reach a verdict, it is necessary for all of you to agree, either way.

If is your duty, as jurors, to consult with one another and to deliberate with a view of reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own view and change your opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges -- judges of the facts. Your sole interest is to seek the truth from the evidence in the case and to do essential justice.

Authorities: Based on Devitt and Blackmar, Federal Jury Practice and Instructions

PLAINTIFFS' JURY INSTRUCTION NO. 5

RE: EVIDENCE IN THE CASE

Statements and arguments of counsel are not evidence in the case. When, however, the attorneys on both sides stipulate or agree as to the existence of a fact, the jury must, unless otherwise instructed, accept the stipulation and regard that fact as proved.

The Court may take judicial notice of certain facts or events. When the Court declares it will take judicial notice of some fact or event, the jury must, unless otherwise instructed, accept the Court's declaration as evidence, and regard as proved the fact or event which has been judicially noticed.

Unless you are otherwise instructed, the evidence in the case always consists of the sworn testimony of the witnesses, regardless of who may have called them, all exhibits received in evidence, regardless of who may have produced them, all facts which may have been admitted or stipulated and all facts and events which may have been judicially noticed.

Any evidence as to which an objection was sustained by the Court and any evidence ordered stricken by the Court must be entirely disregarded.

Unless you are otherwise instructed, anything you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Authorities: Based on Devitt and Blackmar, Federal Jury Practice and Instructions §§ 11.11 and 71.08.

PLAINTIFF'S JURY INSTRUCTION NO. 6

RE: RULINGS ON OBJECTIONS TO EVIDENCE

During this trial I have ruled on objections to certain testimony and exhibits. You must not concern yourselves with the reasons for my rulings since they are controlled by rules of law.

Objections to questions are not evidence. Lawyers have an obligation to their clients to make an objection when they believe evidence being offered should not be admitted under the rules of evidence. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other.

By receiving evidence to which objection was made, I did not intend to indicate the weight to be given such evidence. You are to disregard all evidence ordered stricken.

Authorities: Based on Hughes, Evidence, 19 M.P.S. §§ 202, 215.

PLAINTIFFS' JURY INSTRUCTION NO. 7.

RE: EVIDENCE - DIRECT - INDIRECT OR CIRCUMSTANTIAL

There are, generally speaking, two types of evidence from which a jury may properly find the truth as to the facts of a case. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence -- the proof of a chain of circumstances pointing to the existence or non-existence of certain facts.

As a general rule, the law makes no distinction between direct or circumstantial evidence, but simply requires that the jury find facts in accordance with the evidence in this case, both direct and circumstantial.

Authorities: Based on Devitt and Blackmar, Federal Jury Practice and Instructions § 72.03.

PLAINTIFF'S JURY INSTRUCTION NO. 8

RE: INFERENCES

You are to consider only the evidence of this case. But in your consideration of the evidence you are not limited to the bald statements of the witnesses. In other words, you are not limited to what you see and hear as the witnesses testify. You are permitted to draw, from facts which you find have been proved, such reasonable inferences as seem justified in the light of your experience.

Inferences are deductions or conclusions which reason and common sense lead the jury to draw from facts which have been established by the evidence in the case.

Authorities: Based on Devitt and Blackmar, Federal Jury Practice and Instructions § 72.03.

PLAINTIFF'S JURY INSTRUCTION NO. 9

RE: PREPONDERANCE OF THE EVIDENCE

Except as you are instructed otherwise by me, the burden is on the plaintiff, Mr. Harrington, to prove the essential elements of her claims by a preponderance of the evidence. If Mr. Harrington's proof should fail to establish any essential element in one of his claims by a preponderance of the evidence in the case, the jury should find for defendants on that particular claim. If, however, Mr. Harrington does establish the necessary elements by a preponderance of the evidence, then you must find for Mr. Harrington. As I will instruct you later on, there are some instances where the burden of proof will shift to the Defendants and the Defendants will have to prove their defense by a "preponderance of the evidence".

To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence in the case means such evidence that, when considered and compared with that opposed to it, has more convincing force and produces in your minds belief that what is sought to be proved is more likely true than not true. This rule does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, the jury may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

Authorities: Based on Devitt and Blackmar, Federal Jury Practice and Instructions § 72.01.

PLAINTIFF'S JURY INSTRUCTION NO. 10

RE: SPECIAL VERDICT FORM

When I finish reading these instructions, I will circulate a special verdict form. This special verdict form has a number of questions. Most of these questions require simply a "Yes" or "No" answer. The answer to each question must be the unanimous answer of the jury. Your foreperson will write the unanimous answer of the jury in the space provided next to each question.

Some questions on the special verdict form ask you to decide certain dollar amounts. Again, the answer to each question must be the unanimous answer of the jury. Your foreperson will write the unanimous answer of the jury in the space provided next to each question.

I will now give you instructions for answering various parts of the special verdict form. There are also instructions printed on the special verdict form to assist you in answering the questions. Please listen to my instructions closely and then carefully read the instructions on the special verdict form as you answer the questions.

Authorities: Based on Devitt and Blackmar, Federal Jury Practice and Instruction § 72.06.

PLAINTIFF'S JURY INSTRUCTION NO. 11

RE: USERRA ACTION

This case involves a claim under Uniformed Services Employment and Reemployment Rights Act (USERRA), 38 U.S.C. § 4311, which provides a remedy for individuals who have been discriminated against or had adverse actions taken against them by their employers for military service.

USERRA provides, in relevant part, that:

"(a) A person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service, or obligation.

(b) An employer may not discriminate in employment against or take any adverse employment action against any person because such person (1) has taken an action to enforce a protection afforded any person under this chapter, (2) has testified or otherwise made a statement in or in connection with any proceeding under this chapter, (3) has assisted or otherwise participated in an investigation under this chapter, or (4) has exercised a right provided for in this chapter. The prohibition in this subsection shall apply with respect to a person regardless of whether that person has performed service in the uniformed services.

(c) An employer shall be considered to have engaged in actions prohibited--

(1) under subsection (a), if the person's membership, application for membership, service, application for service, or obligation for service in the uniformed services is a motivating

factor in the employer's action, unless the employer can prove that the action would have been taken in the absence of such membership, application for membership, service, application for service, or obligation for service; or (2) under subsection (b), if the person's (A) action to enforce a protection afforded any person under this chapter, (B) testimony or making of a statement in or in connection with any proceeding under this chapter, (C) assistance or other participation in an investigation under this chapter, or (D) exercise of a right provided for in this chapter, is a motivating factor in the employer's action, unless the employer can prove that the action would have been taken in the absence of such person's enforcement action, testimony, statement, assistance, participation, or exercise of a right." 38 U.S.C. §4311

"For the purposes of this chapter-- (2) The term "benefit", "benefit of employment", or "rights and benefits" means any advantage, profit, privilege, gain, status, account, or interest (other than wages or salary for work performed) that accrues by reason of an employment contract or agreement or an employer policy, plan, or practice and includes rights and benefits under a pension plan, a health plan, an employee stock ownership plan, insurance coverage and awards, bonuses, severance pay, supplemental unemployment benefits, vacations, and the opportunity to select work hours or location of employment.  (3) The term "employee" means any person employed by an employer. Such term includes any person who is a citizen, national, or permanent resident alien of the United States employed in a workplace in a foreign country by an employer that is an entity incorporated or otherwise organized in the United States or that is controlled by an entity organized in the United States, within the meaning of section 4319(c) of this title. (4)(A) Except as provided in subparagraphs (B) and (C), the term "employer" means any

person, institution, organization, or other entity that pays salary or wages for work performed or that has control over employment opportunities, including--

(i) a person, institution, organization, or other entity to whom the employer has delegated the performance of employment-related responsibilities; (ii) the Federal Government; (iii) a State; (iv) any successor in interest to a person, institution, organization, or other entity referred to in this subparagraph; and (v) a person, institution, organization, or other entity that has denied initial employment in violation of section 4311.  (13) The term "service in the uniformed services" means the performance of duty on a voluntary or involuntary basis in a uniformed service under competent authority and includes active duty, active duty for training, initial active duty for training, inactive duty training, full-time National Guard duty, a period for which a person is absent from a position of employment for the purpose of an examination to determine the fitness of the person to perform any such duty, and a period for which a person is absent from employment for the purpose of performing funeral honors duty as authorized by section 12503 of title 10 or section 115 of title 32; (14) The term "State" means each of the several States of the United States, the District of Columbia, the Commonwealth of Puerto Rico, Guam, the Virgin Islands, and other territories of the United States (including the agencies and political subdivisions thereof); (16) The term "uniformed services" means the Armed Forces, the Army National Guard and the Air National Guard when engaged in active duty for training, inactive duty training, or full-time National Guard duty, the commissioned corps of the Public Health Service, and any other category of persons designated by the President in time of war or national emergency."

14

USERRA further provides that "**(d)** Any person whose employment with an employer is interrupted by a period of service in the uniformed services shall be permitted, upon request of that person, to use during such period of service any vacation, annual, or similar leave with pay accrued by the person before the commencement of such service. No employer may require any such person to use vacation, annual, or similar leave during such period of service." 38 USCA § 4316(d)

In order to prevail on his USERRA claim, the plaintiff first has the burden of showing, by a preponderance of the evidence, that his participation in the Army National Guard or his exercising his rights under USERRA was a motivating factor in the adverse employment actions taken against him. The defendants may only then avoid liability by showing, by a preponderance of evidence, that the employer would have taken the same action for a valid reason, without regard to the employee's protected participation in the Army National Guard or his exercising his rights under USERRA. 38 U.S.C.A. § 4301 et seq. *Velazquez-Garcia v. Horizon Lines Of Puerto Rico, Inc.,* 473 F.3d 11 (1st Cir. 2007).

If the Defendants discriminated in employment against or take any adverse employment action against any person because such person (1) has taken an action to enforce a protection afforded any person under USERRA, (2) has testified or otherwise made a statement in or in connection with any proceeding under USERRA, (3) has assisted or otherwise participated in an investigation under USERRA, or (4) has exercised a right provided for in USERRA, the Plaintiff is entitle to be awarded his damages. Under USERRA, the Plaintiff would be entitled to be compensated for any loss

of wages or benefits suffered by reason of such employer's failure to comply with the provisions of USERRA.

If you determine that the Defendants' failure to comply with USERRA was willful, you may further award the Plaintiff liquidated damages in an amount equal to the Plaintiff's loss of wages or benefits.  In short, if you find the Defendants' failure to comply with USERRA was willful you may double the damages.  38 U.S.C. §4322.

If order for you to find that the Defendants' violation of USERAA were willful, you must find that the Defendants knew or showed reckless disregard for the matter of whether their conduct was prohibited by the USERRA. *Fink v. City of New York,* 129 F.Supp.2d 511, 523-24 (E.D. N.Y. 2001)

PLAINTIFF'S JURY INSTRUCTION NO. 12

RE:  Claim under 42 U.S.C. §1983

This case involves a federal civil rights law, 42 U.S.C. § 1983, which provides a remedy

for individuals who have been deprived of constitutional or statutory rights by a person or

entity acting under color of state law.

This civil rights statute states in pertinent part:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage,

of any State . . . subjects, or causes to be subjected, any citizen of the United States or

other person within the jurisdiction thereof to the deprivation of any rights, privileges, or

immunities secured by the Constitution and laws, shall be liable to the party injured . . . ."

42 U.S.C. 1983. See also *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *Am. Mfrs. Mut. Ins.*

*Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999); *Iacobucci v. Boulter*, 193 F.3d 14, 21 (1st Cir.

1999); *Camilo-Robles v. Zapata*, 175 F.3d 41, 43 (1st Cir. 1999).

In order to prevail on a Section 1983 claim, the plaintiff must prove by a

preponderance of evidence each of the following elements:

1. that the defendant was acting under color of law; and

2. that the defendant's conduct deprived the plaintiff of rights, privileges or immunities

secured by the Constitution or laws of the United States.   Gutierrez-Rodriguez v.

Cartagena, 882 F.2d 553, 559 (1st Cir. 1989): Parratt v. Taylor, 451 U.S. 527, 535

(1987); Tatro v. Kervin, 41 F.3d 9, 14 (1st Cir. 1994); Martinez-Velez v. Simonet, 919

F.2d 808, 810 (1st Cir. 1990).

In this case, it is for you to decide whether the defendants committed the acts alleged in the complaint. If you decide that the defendant committed the acts alleged, I instruct you that because there is no question that the defendant was engaged in his official capacity at the time of the alleged acts, and his actions were under the color of state law. Accordingly, if you find that the defendant committed the acts alleged, the first element of Section 1983 has been satisfied.

The second element the plaintiff must prove is that he was deprived by the defendants of rights, privileges, or immunities secured and protected by the Constitution and laws of the United States.

In this case the Plaintiff claims that he was terminated as Chief of Police in retaliation for his exercising his First Amendment Right to Free Speech.

"To sustain a First Amendment retaliation claim, a prisoner-plaintiff must demonstrate the following: "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." Dawes v. Walker, 239 F.3d 489, 492 (2d Cir. 2001). If the plaintiff meets his burden of proof in showing these elements, the burden shifts to the defendant to demonstrate by a preponderance of the evidence that they would have disciplined the plaintiff "even in the absence of the protected conduct." *Mount Healthy Sch. Dist. v. Doyle,* 429 U.S. 274, 287 (1977).

If you find for the plaintiff on the issue of liability, you must then consider the amounts of money that will compensate the plaintiff for damages sustained and which have been proved to you by the evidence. The elements of damage that you may consider are:

1. back wages from the date of his termination or demotion to this trial, including the value of fringe benefits;

2. The present value of future lost wages, including the value of fringe benefits;

3. The value in money of any loss to plaintiff's status, reputation and standing that resulted from his termination or demotion;

4. The value in money of any emotional distress suffered by the plaintiff as a result of his termination or demotion.

Damages for loss of status, reputation and standing, or for emotional distress should not be denied because they are not easily determined; but neither should they be awarded upon pure speculation. The plaintiff must prove the existence and magnitude of these damages, and you must determine the damages from the evidence presented. It is you for to decide what damages have been proved by the evidence, if any, and what amounts to award.  *Carey v. Piphus*, 435 U.S. 247 (1978); *Darnell v. Ford* 903 F2d 556 (8th Cir. 1990); *Fleming v. Co. of Kane*, 898 F2d. 553 (7th Cir. 1990); *Meyers v. City of Cincinnati*, 14 F3d 1115 (6th Cir. 1994)

If the plaintiff is entitled to actual or compensatory damages, and if the defendant's conduct that caused actual injury or damage to the plaintiff was maliciously, wantonly, or oppressively done, you may award in addition to actual damages an amount you agree to be proper as punitive damages in order to punish the defendant for extraordinary misconduct and to serve as an example or warning to others not to engage in such conduct. Smith v. Wade, 461 U.S. 30, 56 (1983); Davet v. Maccarone, 973 F.2d 22, 27 (1st Cir. 1992); Gutierrez-Rodriguez v. Cartagena, 882 F.2d 553, 581 (1st Cir. 1989).

The defendant acted or failed to act maliciously if his conduct or inaction was prompted or accompanied by ill will, spite, or grudge, either toward the plaintiff individually, or toward all persons in one or more groups of which the plaintiff is a member. *Gutierrez-Rodriguez v. Cartagena*, 882 F.2d 553, 581 (1st Cir. 1989). The defendant acted or failed to act wantonly if his conduct or inaction was done in reckless or callous disregard of, or indifference to, the rights of the plaintiff. *Gutierrez-Rodriguez v. Cartagena*, 882 F.2d 553, 581 (1st Cir. 1989).

The defendant acted or failed to act oppressively if his conduct or inaction was done in a way or manner that injured or damaged the plaintiff or otherwise violated the plaintiff's rights with unnecessary harshness or severity, for example, by misuse or abuse of authority or power, or by taking advantage of some weakness or disability of the plaintiff. *Gutierrez-Rodriguez v. Cartagena*, 882 F.2d at 581.

PLAINTIFF'S JURY INSTRUCTION NO. 13

RE: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

In this case, the plaintiff is claiming that the defendant intentionally or recklessly caused the plaintiff to suffer emotional distress. In order to recover, the plaintiff must prove by a preponderance of the evidence that:

1. the defendant intended to inflict emotional distress or that the defendant, knew or should have known that emotional distress was likely to result from his conduct;

2. the defendant's conduct was extreme and outrageous, was beyond all possible bounds of decency and was utterly intolerable in a civilized community;

3. the defendant's conduct caused the plaintiff's emotional distress, and

4. the emotional distress suffered was severe and of a nature that no reasonable person could be expected to endure it.

It is not necessary for the plaintiff to prove that physical injury resulted from the severe emotional distress.

"Extreme and outrageous" conduct is more than just workaday insults, hurt feelings from bad manners, annoyances, or petty oppressions. "Outrageousness" means a high order of recklessness, ruthlessness or deliberate malevolence.

What is extreme and outrageous is for you to consider, given all the facts. For instance, outrageous behavior may be found by a repeated series of incidents, even if those incidents, when taken individually, might not be sufficiently extreme. Also, conduct otherwise reasonable may give rise to liability when it is directed at a person known to the defendant to be particularly susceptible to emotional distress because of some physical or emotional vulnerability.

21

*Tetrault v. Mahoney, Hawkes & Goldings*, 425 Mass. 456, 465-66, 681 N.E.2d 1189, 1196-97 (1997); *Foley v. Polaroid Corp.*, 400 Mass. 82, 99-100, 508 N.E.2d 72, 82 (1987); *Agis v. Howard Johnson Co.*, 371 Mass. 140, 144-45, 355 N.E.2d 315, 318-19 (1976); *Cady v. Marcella*, 49 Mass.App.Ct. 334, 340-41, 729 N.E.2d 1125, 1131 (2000); *Brown v. Nutter, McClennen & Fish*, 45 Mass.App.Ct. 212, 218, 696 N.E.2d 953, 957 (1998); *Conway v. Smerling*, 37 Mass.App.Ct. 1, 8, 635 N.E.2d 268, 273 (1994).