UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ROBERT N. HARRINGTON JR. ) | | CASE NUMBER 05-40115 FDS |
| Plaintiff ) | | |
| ) | | |
| VS ) | | |
| ) | | |
| JAMES M KREIDLER, JR. AND ) | | |
| THE TOWN OF WINCHENDON ) | | |
| Defendants ) | | |

### DEFENDANT'S, JAMES M. KRIEDLER, JR., MOTION FOR DIRECTED VERDICT

Now comes the Defendant in the above-referenced matter and moves pursuant to Fed. R.Civ.P. 50 for a directed verdict as to Count III of the plaintiff's Complaint alleging violations of 42 U.S. C § 1983. As grounds therefore, the Defendant states the Plaintiff has not met his burden of providing sufficient evidence to present this claim to a jury.

In order to prevail on a claim for retaliation in violation of his First Amendment rights, the plaintiff must show that the defendant's intent to retaliate against him for exercising his constitutionally protected rights was a "substantial factor" motivating the defendant's adverse decision. Collins v. Nuzzo et al., 244 F.3d 246, 251-252 (1st Cir. 2001). However, even if the plaintiff can show that his constitutionally protected actions provided the impetus for the defendant's adverse decision, his claim still fails if the defendant demonstrates that it would have reached the same decision even in the absence of the protected conduct. Id. at 252.

Clearly, the plaintiff also has the burden of proving that the alleged speech qualifies as protected speech and is afforded him by the First Amendment. Additionally, several courts have held that the success of an attempt to deprive an individual of constitutional rights is critical to whether those rights have in fact been violated. Mozzochi v. Borden et al., 959 F.2d 1174, 1180 (2nd Cir. 1992) *citing* Sullivan v. Carrick, 888 F.2d 1, 4 (1st Cir.

1989).  To show a First Amendment violation, the plaintiff must establish that his speech was in fact chilled or intimidated.  Id.

In this action, the plaintiff has failed to present any evidence that the defendant retaliated against him, or that the defendant's intent to retaliate against him for exercising his constitutionally protected rights was a "substantial factor" motivating the defendant's adverse decision.  The plaintiff has provided no basis upon which to connect his exercise of free speech to any of the disciplinary actions taken against the plaintiff by the defendant.

Additionally, even assuming that the plaintiff can prove that his constitutionally protected actions provided the impetus for the defendant's adverse decision, the evidence clearly proves that the defendant would still have imposed discipline against the plaintiff despite any alleged protected conduct.

Lastly, the plaintiff has failed to prove that his speech was in fact chilled or intimidated.  The evidence clearly demonstrates that the plaintiff continually voiced his complaints against the defendant both in writing and through statements and press releases to the media.

Based upon the above-stated grounds, and the plaintiff's failure to provide sufficient evidence to reach the jury, the defendant respectfully requests that a directed verdict be entered in favor of the defendant as to Count III of the plaintiff's Complaint.

        Respectfully submitted,
        Defendants, James M Kreidler, Jr. and
        Town of Winchendon,
        By their attorneys,


        _____/s/_ *Samuel Perkins*_____
        Samuel Perkins, BBO#542396
        Kristin Tyler Harris, BBO# 654883
        BRODY, HARDOON, PERKINS & KESTEN, LLP
        One Exeter Plaza
        Boston, MA 02116
        617-880-7100

Dated: June 12, 2008