UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ROBERT N. HARRINGTON, JR. | ) | CASE NUMBER 05-40115 FDS |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| JAMES M KREIDLER, JR. AND | ) | |
| THE TOWN OF WINCHENDON, | ) | |
| Defendants. | ) | |

### PLAINTIFF'S SUPPLEMENTAL REQUEST FOR JURY INSTRUCTIONS

Now comes the Plaintiff, Robert Harrington, by and through his attorney and hereby requests that the Court read the attached instructions to the jury, in addition to the instructions previously requested.

Respectfully Submitted,

The plaintiff,
By his attorney,

_____
L. Richard LeClair, III, BBO#561650
LeClair & LeClair, P.C.
707 Main Street
Waltham, MA 02451
781-893-5655

Date:   June 11, 2008

1. When an employee makes a claim of discrimination on the basis of military service in violation of the USERRA, the factual question of the employer's discriminatory motivation or intent may be proven by either direct or circumstantial evidence. *Sheehan v. Department of Navy*, 240 F.3d 1009 (Fed. Cir. 2001);

2. Discriminatory motivation under the USERRA may be reasonably inferred from a variety of factors, including proximity in time between an employee's military activity and the adverse employment action, inconsistencies between the proffered reason and other actions of the employer, the employer's expressed hostility towards members protected by the statute together with knowledge of the employee's military activity, and disparate treatment of certain employees compared to other employees with similar work records or offenses. *Leisek v. Brightwood Corp.*, 278 F.3d 895 (9th Cir. 2002).

3. Anti-discrimination provision of Uniformed Services Employment and Reemployment Rights Act (USERRA), which prohibits discrimination in hiring by covered employers on basis of military service, protects active duty service members as well as reservists and guardsmen. *McLain v. City of Somerville*, 424 F. Supp. 2d 329 (D. Mass. 2006).

4. To avail itself of the affirmative defense, the Defendants James Kreidler and the Town of Winchendon must do more than merely show that at time of the decision it was motivated only in part by a legitimate reason; rather, the employer must show, by a preponderance of the evidence, that its legitimate reason, standing alone, would have induced it to make the same decision. *Rogers v. City of San*

Antonio, Texas, 211 F. Supp. 2d 829 (W.D. Tex. 2002); *Fink v. City of New York*, 129 F. Supp. 2d 511 (E.D. N.Y. 2001).

5. The legislative purpose behind the Uniformed Services Employment and Reemployment Rights Act (USERRA) suggests that Congress did not enact USERRA primarily to combat an ignorant or vicious stereotyping of members of the armed services as undependable employees, but intended only to encourage people to join the armed services. 38 U.S.C.A. § 4301(a). *Dees v. Hyundai Motor Mfg. Alabama, LLC*, 524 F. Supp. 2d 1348 (M.D. Ala. 2007).

6. Under Uniformed Services Employment and Reemployment Rights Act (USERRA), the Plaintiff Robert Harrington does not have burden of demonstrating that employer's stated reason for adverse employment action is a pretext; instead, employer must show by a preponderance of the evidence that the stated reason was not a pretext, i.e., that the action would have been taken in the absence of the employee's military service for a legitimate reason. 38 U.S.C.A. § 4311(c). *Velazquez-Garcia v. Horizon Lines Of Puerto Rico, Inc.*, 473 F.3d 11 (1st Cir. 2007).

7. Plaintiff's military position and related obligations would be "motivating factor" in employment decision under the Uniformed Services Employment and Reemployment Rights Act (USERRA) if employer relied upon, took into account, considered, or conditioned its decision on employee's military-related absence. 38 U.S.C.A. § 4311(c)(1). *Rogers v. City of San Antonio*, Texas, 211 F. Supp. 2d 829 (W.D. Tex. 2002)

8. Any person whose absence from a position of employment is necessitated by reason of service in the uniformed services is entitled to the reemployment rights and benefits of Uniformed Services Employment and Reemployment Rights Act (USERRA). 38 U.S.C.A. § 4301 et seq; *Vander Wal v. Sykes Enterprises, Inc.*, 377 F. Supp. 2d 738 (D.N.D. 2005).

9. Under USERRA, Chief Harrington has fourteen days after his deployment to the Winter Olympics to return to duty with Town of Winchendon. 38 U.S.C. § 4312(e)(1)(A)-(D).

10. Whether Robert Harrington's deployment to the Winter Olympics in Salt Lake City was voluntary or involuntary does not matter. USERRA protects soldiers whether their service was voluntary or involuntary. 38 U.S.C. §4303(13)

11. As a Army National Guardsman, the Plaintiff Robert Harrington is covered by USERRA. 38 U.S.C. §4303(16)

12. As Robert Harrington was a Civil Service Employee, the Town of Winchendon could only discharge him for "Just Cause". "Just cause" is defined as substantial misconduct which adversely affects the public interest by impairing the efficiency of the public service. *Police Commissioner of Boston v. Civil Service Com'n*, 39 Mass.App.Ct. 594, 599 (1996); M.G.L.A. c. 31, § 43