UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ROBERT N. HARRINGTON JR. ) | | CASE NUMBER 05-40115 FDS |
| Plaintiff ) | | |
| ) | | |
| VS ) | | |
| ) | | |
| JAMES M KREIDLER, JR. AND ) | | |
| THE TOWN OF WINCHENDON ) | | |
| Defendants ) | | |

### DEFENDANTS' SECOND REQUEST FOR JURY INSTRUCTIONS

Now come the defendants in the above-referenced matter and pursuant to Rule 51 of the Fed. R. Civ. P. respectfully submits the following requests for Instructions to the jury:

### CLAIM UNDER 42 U.S.C. § 1983

1. A governmental employer may impose certain restrictions on the speech of its employees, which would be unconstitutional if applied to the general public. Davignon v. Hodgson, 524 F. 3d 91, 100 (1st Cir. 2008) *quoting* City of San Diego v. Roe, 543 U.S. 77, 80 (2004).

2. When analyzing First Amendment claims that arise in the government workplace, as a threshold matter, it must be determined whether the employee spoke as a citizen on a matter of public concern. Davignon v. Hodgson, 524 F. 3d 91, 100 (1st Cir. 2008) *citing* Rankin v. McPherson, 483 U.S. 378, 384 (1987).

3. In determining whether the speech involves a matter of public concern, you must determine whether the employee's expression can be considered to relate to any matter of political, social, or other concern to the community.

      Davignon v. Hodgson, 524 F. 3d 91, 100 (1st Cir. 2008) *citing* Connick v. Myers, 461 U.S. 138, 146 (1983).

4. If so, then you must balance the interests of the employee, as a citizen, in commenting upon matters of concern and the interest of the employer in promoting the efficiency of the public services it performs through its employees. Davignon v. Hodgson, 524 F. 3d 91, 100 (1st Cir. 2008) *citing* Pickering v. Bd. Of Educ., 391 U.S. 563, 568 (1968).

5. If the balance weighs in favor of the employee, then the employee must prove that the protected speech was a substantial or motivating factor in the adverse action taken against the employee. Davignon v. Hodgson, 524 F. 3d 91, 100 (1st Cir. 2008) *citing* Curran v. Cousins, 509 F. 3d 36, 44 (1st Cir. 2007).

6. If the plaintiff meets that burden, the defendant can prevail by establishing that it would have taken the adverse action even if the plaintiff had not engaged in the protected speech. Davignon v. Hodgson, 524 F. 3d 91, 100 (1st Cir. 2008) *citing* Curran, 509 F.3d at 45.

      Respectfully submitted,
      Defendants, James M Kreidler, Jr. and
      Town of Winchendon,
      By their attorneys,

      */s/ Samuel Perkins*
      Samuel Perkins, BBO#542396
      Kristin Tyler Harris, BBO# 654883
      BRODY, HARDOON, PERKINS & KESTEN, LLP
      One Exeter Plaza
      Boston, MA 02116
      617-880-7100

Dated:   June 16, 2008