## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **ROBERT N. HARRINGTON, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil No.** |
| | ) | **05-40115-FDS** |
| **JAMES M. KREIDLER, JR., and** | ) | |
| **the TOWN OF WINCHENDON,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## JURY INSTRUCTIONS

## DUTY OF THE JURY TO FIND FACTS AND FOLLOW THE LAW

It is your duty to find the facts from the evidence admitted in this case. To those facts, you must apply the law as I give it to you. The determination of the law is my duty as the judge. It is your duty to apply the law exactly as I give it to you, whether you agree with it or not.

In following my instructions, you must follow all of them, and not single out some and ignore others. They are all equally important. You must not read into these instructions, or into anything I may have said or done, any suggestion by me as to what verdict you should return—that is a matter entirely for you to decide.

## BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

The plaintiff has the burden of proving his claims by what is called the preponderance of the evidence. That means that for the plaintiff to prevail, the jury must believe that what the plaintiff claims is more likely true than not. To put it another way, if you were to put the plaintiff's evidence and the defendants' evidence on opposite sides of a scale, the plaintiff would have to make the scale tip somewhat in his direction.

As I will instruct you, the defendants have asserted what the law calls "affirmative defenses" as to both counts. In each instance, if you find that the plaintiff has met his burden of proving his claim, you must then consider whether the defendants have met their burden of proving the affirmative defense. The defendants have the burden of proving any affirmative defense by a preponderance of the evidence.

3

## WHAT IS AND IS NOT EVIDENCE

The evidence in this case consists of the sworn testimony of witnesses, both on direct and cross-examination; the exhibits that have been received into evidence; and any facts to which the parties have agreed or stipulated.

Certain things are not evidence.

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them from the evidence differ from the way the lawyers have stated them, your memory of the facts should control.

(2) Questions by lawyers, standing alone, are not evidence. Again, the lawyers are not witnesses. The question and the answer taken together are the evidence.

(3) Objections by lawyers are not evidence. Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by any objection or by my ruling on it and you should not speculate or guess about what the answer might have been or what an exhibit might have said.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

(5) Anything that I have excluded from evidence or ordered stricken and instructed you to disregard is not evidence.

4

## KINDS OF EVIDENCE; DIRECT AND CIRCUMSTANTIAL

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness that the witness saw something. Circumstantial evidence is indirect evidence, that is, proof of a fact or facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proved directly.

You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, or to give greater weight to one or the other. It is for you to decide how much weight to give to any evidence.

## INFERENCES

Although you may consider only the evidence presented in the case, you are not limited to the plain statements made by witnesses or contained in the documents. In other words, you are not limited solely to what you saw and heard as the witnesses testified.

You are also permitted to draw reasonable inferences from the facts, if you believe those inferences are justified in light of common sense and personal experience. An inference is simply a deduction or conclusion that may be drawn from the facts that have been established.

Any inferences you draw must be reasonable, and based on the facts as you find them. Inferences may not be based on speculation or conjecture.

## CREDIBILITY OF WITNESSES

Whether a party has sustained its burden of proof does not depend upon the number of witnesses it has called or upon the number of exhibits it has offered, but instead upon the nature and quality of the evidence presented.

You do not have to accept the testimony of any witness if you find the witness not credible. You must decide which witnesses to believe and which facts are true. To do this, you must look at all the evidence, drawing upon your common sense and personal experience. You may believe everything a witness says, or only part of it, or none of it. It is entirely up to you.

You may want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias they may have displayed; any interest they may have in the outcome of the case; any prejudice they may have shown; their opportunities for seeing and knowing the things about which they have testified; and the reasonableness or unreasonableness of the events that they have described.

## PRIOR INCONSISTENT STATEMENTS

The testimony of a witness may be discredited or impeached by showing that he or she previously made statements that are inconsistent with his or her present testimony. If a witness is shown to have given inconsistent statements concerning any material matter, you have a right to distrust that witness's testimony in other respects. You may reject all of the testimony of that witness or give it such credibility as you may think it deserves.

Sometimes, of course, people make innocent mistakes, particularly as to unimportant details; not every contradiction or inconsistency is necessarily important. Again, you alone are the judges of the witnesses' credibility.

If you find that a witness has made inconsistent statements under oath on an earlier occasion, such as in a deposition, you may consider that earlier statement for its truth or falsity, the same as any testimony at the trial.

8

## CAUTIONARY AND LIMITING INSTRUCTIONS
## AS TO PARTICULAR KINDS OF EVIDENCE

A particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I have told you when that occurred, and instructed you on the purposes for which the item can and cannot be used.

## STIPULATIONS

Some of the evidence has been received in the form of stipulations. A stipulation simply means that the plaintiff and the defendants accept the truth of a particular proposition or fact. You must accept the stipulation as fact even though nothing more was said about it one way or another.

## NOTE-TAKING

As I indicated at the beginning of the trial, you were permitted to take notes, but some cautions apply. You should bear in mind that not everything that is written down is necessarily what was said. Thus, when you return to the jury room to discuss the case, do not assume simply because something appears in somebody's notes that it necessarily took place in court. Notes are an aid to recollection, nothing more; the fact that something is written down does not mean that it is necessarily accurate.

## EXHIBIT NUMBERS

The numbers assigned to the exhibits are for convenience and in order to ensure an orderly procedure. You should draw no inference from the fact that a particular exhibit was assigned a particular number, or that there may be gaps in the number sequence.

## CONSIDER EACH CLAIM AND DEFENDANT SEPARATELY

The plaintiff has brought two claims in this case: (1) a military discrimination claim and (2) a civil rights claim. The military discrimination claim is brought against defendants James Kreidler and the Town of Winchendon. The civil rights claim is brought only against Mr. Kreidler.

You must consider each claim separately, and you must return a separate verdict as to each claim and each defendant. Your verdict as to each claim and each defendant must be determined solely on the evidence, or lack of evidence, as to that claim and that defendant.

13

## COUNT ONE – MILITARY DISCRIMINATION CLAIM

Count One asserts a claim of unlawful discrimination under the Uniformed Services Employment and Reemployment Rights Act, or "USERRA." In order to prevail on that claim, the plaintiff must prove the following three elements by a preponderance of the evidence:

first, that the plaintiff was a member of a uniformed service;

second, that the defendant took an adverse employment action against the plaintiff; and

third, that either

(a) the plaintiff's membership or performance of duties in a uniformed service, or

(b) the plaintiff's exercise of rights protected by USERRA,

was a motivating factor in that adverse employment action.

## COUNT ONE – FIRST ELEMENT – UNIFORMED SERVICE

The first element under Count One that the plaintiff must prove is that he was a member of a "uniformed service." For purposes of this claim, the Army National Guard is a "uniformed service."

## COUNT ONE – SECOND ELEMENT – "ADVERSE EMPLOYMENT ACTION"

The second element under Count One that the plaintiff must prove is that the defendant took an "adverse employment action" against him. An employer takes an adverse employment action against an employee if he either (1) takes something of consequence away from the employee (for example, by suspending or terminating the employee or taking away significant responsibilities) or (2) fails to give the employee something that is a customary benefit of the employment relationship. The fact that an employee is unhappy with something his employer did or failed to do, without more, is not sufficient to make that act or omission an adverse employment action.

For these purposes, an adverse employment action by a supervisor is an action of the employer.

16

## COUNT ONE – THIRD ELEMENT – MEMBERSHIP OR PERFORMANCE OF DUTIES; EXERCISE OF RIGHTS

The third element under Count One that the plaintiff must prove is that either

(a) the plaintiff's membership or performance of duties in a uniformed service, or

(b) the plaintiff's exercise of rights protected by USERRA,

was a motivating factor in the adverse employment action taken by the defendant.

The plaintiff's "membership or performance of duties in a uniformed service" includes, among other things, the performance of duty in the military on a voluntary or involuntary basis.

In addition to the protection against employment discrimination, USERRA provides various rights to members of the uniformed services, two of which are relevant here. First, a member of a uniformed service has the right to take action to enforce the employment protections afforded to him under the law, and to make a complaint or inquiry to the Department of Labor and to assist in any resulting investigation or proceeding. The plaintiff contends here that he exercised his rights under USERRA by complaining to the Department of Labor. Second, USERRA provides that any person whose employment is interrupted by a period of military service may, if he requests, use any vacation time, annual leave, or similar leave with pay that he has accrued before that service began. An employer may not, however, require any such person to use vacation time, annual leave, or similar leave during that period of service. The plaintiff here contends that he exercised his rights by using his vacation time for his military service.

17

## COUNT ONE – THIRD ELEMENT – "MOTIVATING FACTOR"

To be a "motivating factor" in an employment action, the employer must in some way rely upon, use, or otherwise take into account that factor in reaching a decision or taking an action. It is not necessary, however, for the plaintiff to prove that his membership or performance of duties in a uniformed service, or the exercise of his rights under USERRA, was the only or exclusive reason for the adverse employment action. The plaintiff has met his burden as to this element if he proves that it was "a" motivating factor in the adverse employment action. The employer may have been motivated by other factors, as well.

Proof of discriminatory motive may be based on circumstantial evidence or reasonable inferences from the evidence. You may consider the credibility of the employer's explanation for his actions, as well as any other surrounding facts and circumstances, in determining whether unlawful discrimination was a motivating factor.

The fact, however, that an employer may have exercised poor judgment or acted unwisely is not sufficient, without more, to establish unlawful discrimination. You may not permit any sympathy you may have for the employee to lead you to substitute your judgment for that of the employer, even though you personally may not favor the action taken and might have acted differently under the circumstances.

18

## COUNT ONE – AFFIRMATIVE DEFENSE

The law provides for what is called an "affirmative defense" to a claim of military discrimination. If you find that the plaintiff has proved his military discrimination claim by a preponderance of the evidence, you should then consider whether the defendant has proved the following affirmative defense.

The defendant may show that he (or it) would have taken the same adverse employment action against the plaintiff even if the plaintiff's membership or performance of duties in a uniformed service or the exercise of his rights under USERRA had not been a motivating factor in that action. The defendant bears the burden of proving that defense by a preponderance of the evidence. If you find that the defendant has met that burden of proof as to the affirmative defense, then you should find for the defendant.

## COUNT THREE – CIVIL RIGHTS CLAIM

Count Three is a claim under the civil rights laws of the United States. This claim is brought only against defendant Kreidler, and not against the Town.

In order to prove his civil rights claim, the plaintiff must prove by a preponderance of the evidence the following three elements:

first, that the conduct complained of was committed by a person acting under color of state law;

second, that this conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States; and

third, that the defendant's acts were the proximate cause of the injuries and damages sustained by the plaintiff.

20

## COUNT THREE – FIRST ELEMENT – COLOR OF STATE LAW

The first element under Count Three that the plaintiff must prove is that the conduct complained of was committed by a person acting under color of state law. A person who acts, or who purports to act, in his official capacity as a town manager for a town, and not in a personal or private capacity, is acting under "color of state law."



## COUNT THREE – SECOND ELEMENT – "RIGHTS, PRIVILEGES, OR IMMUNITIES"

The second element under Count Three that the plaintiff must prove is that the defendant's conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States.

In this case, the plaintiff contends that he was deprived of his right to free speech under the First Amendment to the United States Constitution. A person may be deprived of his right to free speech if he is in some way punished or retaliated against, or if a materially adverse action is taken against him, in response to his exercise of that right.



## COUNT THREE - SECOND ELEMENT - PROTECTED SPEECH

Not all forms of speech by public employees are subject to the protections of the First Amendment. In this case, the plaintiff contends that he was injured by the defendant because he engaged in the following protected speech:  his statement to the press on or about May 12, 2002, as reflected in part in Exhibit 29. Although you may consider all of the evidence in the case in reaching your decision, for purposes of Count Three, you may not conclude that any other statement made by the plaintiff was subject to the protections of the First Amendment.

## COUNT THREE – THIRD ELEMENT – "PROXIMATE CAUSE" AND "INJURY"

The third element under Count Three that the plaintiff must prove is that the defendant's acts were the "proximate cause" of any injuries sustained by the plaintiff. "Proximate cause" means that there must be a sufficient causal connection between the act or omission of the defendant and any injury sustained by the plaintiff. An act or omission is a "proximate cause" if it was a substantial factor in bringing about or actually causing injury, that is, if the injury was a reasonably foreseeable consequence of the defendant's act or omission.

The plaintiff here claims three different kinds of injury: (1) loss of wages and benefits; (2) loss of status, reputation, or standing in the community; and (3) emotional distress. The existence of an injury, like any other element of a claim, must be proved by a preponderance of the evidence, and may be proved by circumstantial evidence or reasonable inferences from the evidence.

## COUNT THREE – AFFIRMATIVE DEFENSE

The law provides for what is called an "affirmative defense" to a civil rights claim. If you find that the plaintiff has proved his civil rights claim by a preponderance of the evidence, you should then consider whether the defendant has proved the following affirmative defense.

The defendant may show that he would have taken the same actions against the plaintiff even if the plaintiff had not exercised his First Amendment right to free speech, or if the defendant had not been motivated in any way by that act of speech. The defendant bears the burden of proving that defense by a preponderance of the evidence. If you find that the defendant has met that burden of proof as to the affirmative defense, then you should find for the defendant.

25

## DAMAGES

The fact that I am charging you on the issue of damages does not mean that I think that damages should be awarded. I am giving you these instructions on damages because I am required to charge you on all phases of the case that you might have to consider. If the plaintiff has not proved one or more of his claims, then you should not consider the issue of damages as to that claim.

## COUNT ONE – ACTUAL DAMAGES

If you find for the plaintiff on the military discrimination claim under Count One, you must consider the appropriate amount of actual damages. The plaintiff is entitled to be compensated for any loss of wages and benefits caused by the defendant's failure to comply with the law. Any such loss is measured by the difference between the full amount of wages and benefits the plaintiff would have received if he had not been suspended or terminated, and the amount of wages and benefits the plaintiff has received through later employment.

You should award damages only for such damages that the plaintiff has proved by a preponderance of the evidence. Any determination of the plaintiff's actual damages must be based on the evidence, and not on speculation or sympathy.

27

## COUNT ONE – DOUBLE DAMAGES

If you determine that a defendant willfully failed to comply with the requirements of

USERRA, you may also award the plaintiff additional damages in an amount equal to the

plaintiff's lost wages and benefits. In other words, if you find that a defendant acted willfully,

you may award the plaintiff double the amount of his actual damages.

## COUNT ONE – DOUBLE DAMAGES – "WILLFUL"

In order for you to find that a defendant's violation of the military discrimination statute was "willful," you must find that the defendant knew that his (or its) conduct violated USERRA, or showed reckless disregard as to whether that conduct was prohibited by USERRA. Acting or failing to act by reason of negligence, mistake, or accident is not acting "willfully."

## COUNT ONE – NO DAMAGES FOR EMOTIONAL DISTRESS OR PUNISHMENT

Under USERRA, you may not award damages for emotional distress or to punish the

defendant. The only types of damages you may award for this claim are those that I have already

described.

## COUNT THREE – ACTUAL DAMAGES

If you find for the plaintiff on his civil rights claim under Count Three, you must then consider the appropriate amount of actual damages. The types of damages that you may consider for purposes of this claim are:

(1)     loss of wages and benefits;

(2)     the value in money of any loss to the plaintiff's status, reputation, or standing that resulted from his termination or suspension; and

(3)     the value in money of any emotional distress suffered by the plaintiff as a result of his termination or suspension.

Again, you should award only such damages as you find the plaintiff has proved by a preponderance of the evidence. Any determination of the plaintiff's actual damages must be based on the evidence, and not on speculation or sympathy.

31

## COUNT THREE – DAMAGES – LOSS OF WAGES AND BENEFITS

The measure of lost wages and benefits is the same for Count One and Count Three.

Thus, any such loss is measured by the difference between the full amount of wages and benefits

the plaintiff would have received if he had not been suspended or terminated, and the amount of

wages and benefits the plaintiff has received through later employment.

## COUNT THREE – PUNITIVE DAMAGES

If you find for the plaintiff on his civil rights claim, you may also make a separate and additional award of punitive damages. Punitive damages may be awarded to punish the defendant for extreme or outrageous conduct, or to deter or prevent the defendant and others like him from committing such conduct in the future.

You may award the plaintiff punitive damages if you find that the acts or omissions of the defendant were done maliciously or wantonly. An act or failure to act is "malicious" if it is prompted by ill will or spite towards the injured person. An act or failure to act is "wanton" if done in reckless or callous disregard of, or indifference to, the rights of the injured person. The plaintiff has the burden of proving, by a preponderance of the evidence, that the defendant acted maliciously or wantonly with regard to the plaintiff's rights.

Any award of punitive damages, however, is completely discretionary—that is, even if you find that the legal requirements for punitive damages are satisfied, you may decide not to award them. Punitive damages may only be awarded as to Count Three, not as to Count One.

33

## COUNT THREE – PUNITIVE DAMAGES – AMOUNT

If you decide to award punitive damages, in fixing the sum to be awarded, you should consider the degree to which the defendant should be punished for his wrongful conduct, and the degree to which an award of one sum or another will deter the defendant or persons like him from committing wrongful acts in the future.

## FOREPERSON'S ROLE; UNANIMITY

I come now to the last part of the instructions, the rules for your deliberations. When you retire, you will discuss the case with the other jurors to reach agreement if you can do so. You shall permit your foreperson to preside over your deliberations, and your foreperson will speak for you here in court. Your verdict as to each count must be unanimous—that is, all of you must agree on the verdict.

## REACHING AGREEMENT

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of the other jurors.

Do not be afraid to change your opinion if you think you are wrong. But do not come to a decision simply because other jurors think it is right.

It is important that you reach a verdict if you can do so conscientiously. You should not hesitate to reconsider your views from time to time and to change them if you are persuaded that this is appropriate.

It is important that you attempt to return a verdict, but of course, only if each of you can do so after having made your own conscientious determination. Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

## RETURN OF VERDICT FORM

I want to explain to you now what is called the verdict form. This is simply the written notice of the decision you will reach in this case.

**[The court explains the verdict form.]**

After you have reached a unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the jury officer outside your door that you are ready to return to the courtroom.

After you return to the courtroom, your foreperson will deliver the completed verdict form as directed in open court.

## COMMUNICATION WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the jury officer signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing, and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court. If you send out a question, I will consult with the parties as promptly as possible before answering it, which may take some time. You may continue with your deliberations while waiting for the answer to any question. When you are communicating with me, please do not tell me—or anyone else—how the jury stands numerically until after you have reached a unanimous verdict.