UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT N. HARRINGTON, JR. )<br>    Plaintiff )<br> )<br>v. )<br> )<br>JAMES M. KREIDLER, JR. and )<br>THE TOWN OF WINCHENDON )<br>    Defendants )<br> ) | CASE NO.: 05-40115 FDS |

**PLAINTIFF'S MOTION FOR ASSESMENT OF ATTORNEY'S
FEES AND COSTS**

Now comes the Plaintiff, by and through his attorney, and respectfully moves this Honorable Court to award the Plaintiff attorney's fees and costs in the amount of $120,000.00. As grounds therefore, the Plaintiff states as follows:

1. On June 18, 2008, the jury in this case awarded the Plaintiff $170,000.00 in damages on the Plaintiff's USERRA claim under 42 U.S.C. §4323. 42 U.S.C. §4323(b)(2) provides that "In any action or proceeding to enforce a provision of this chapter by a person under subsection (a)(2) who obtained private counsel for such action or proceeding, the court may award any such person who prevails in such action or proceeding reasonable attorney fees, expert witness fees, and other litigation expenses." See also *Fink v. City of New York*, 154 F.Supp.2d 403 (E.D.N.Y.)

2. On June 18, 2008, the jury in this case awarded the Plaintiff $429,685.00 in monetary damages on the Plaintiff's Civil Rights Claim under 42 U.S.C. § 1983. 42 U.S.C. §1983 provides that "In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318 [20 U.S.C.A. § 1681 et seq.], the

Religious Freedom Restoration Act of 1993 [42 U.S.C.A. § 2000bb et seq.], the Religious Land Use and Institutionalized Persons Act of 2000 [42 U.S.C.A. § 2000cc et seq.], title VI of the Civil Rights Act of 1964 [42 U.S.C.A. § 2000d et seq.], or section 1981 of this title, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction."

3. "Congress intended that successful plaintiffs 'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.'" *Johnson v. Comm'r of Pub. Welfare*, 419 Mass. 185, 191 (1994) (quoting *Stratos v. Dep't of Pub. Welfare*, 387 Mass. 312, 319 (1982). Once it is determined that attorney fees should be awarded, the amount of that award is left to the discretion of the court. The "strongly preferred method" used to determine the fees to award is the "lodestar method." *Coutin v. Young & Rubicam*, 124 F.3d 331, 337 (1st Cir. 1997). This approach initially requires judicial assessment of "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly fee." *Hensley v. Eckhart*, 461 U.S. 424, 433 (1983). "[T]he burden is on the fee applicant to produce satisfactory evidence . . . that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984). In calculating "a reasonable attorney fee . . . the court may bring to bear its knowledge and experience concerning both the cost of attorneys in its market area and the time demands of the particular case." *Wojtkowski v. Cade*, 725 F.2d 127, 130 (1st Cir. 1984).

4.  As set forth in the affidavit of counsel for the Plaintiff, L. Richard LeClair, III, the requested attorney's fees and costs are reasonable and in line with those prevailing in the community for similar services.

5.  Plaintiff counsel's lodestar for services rendered to date is $90,147.50. Plaintiff's counsel has incurred $9,673.40 in costs. Counsel anticipates incurring an additional forty (40) hours defending the Defendants' post trial motions and in pursuing the Plaintiff's equitable remedies.

6.  In further support of this motion, the Plaintiff offers the affidavit of L. Richard LeClair, III, attached hereto.

WHEREFORE, the Plaintiff respectfully requests that this motion be allowed and that the Court award the Plaintiff $120,000.00 in legal fees and costs and any other relief the Court deems reasonable and just.

Respectfully submitted,
Robert N. Harrington, Jr.
By his Attorney,

_____
L. Richard LeClair, III, Esq.
BBO #561650
LeClair & LeClair, P.C.
135 Beaver Street
Waltham, MA 02452
(781) 893-5655

Date: 8/22/08

3