UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ROBERT N. HARRINGTON, JR. | ) | CASE NUMBER 05-40115 FDS |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| JAMES M KREIDLER, JR. AND | ) | |
| THE TOWN OF WINCHENDON, | ) | |
| Defendants. | ) | |

## PLAINTIFF'S PRE-TRIAL MEMORANDUM
## ON REQUESTS FOR EQUITABLE RELIEF

Now comes the Plaintiff to this action and hereby submit this Pre-Trial

Memorandum in Support of his requests for equitable relief:

**1.     NATURE OF RELIEF REQUESTED:**

Plaintiff Robert N. Harrington, Jr. requests that the Court order the Town of

Winchendon to restore him to his position as Chief of Police at the scale of pay he would

have been receiving if he had not been wrongfully terminated.  The Plaintiff further

requests that the Court order the Town to restore and/or pay to the Plaintiff all

employment benefits the Plaintiff would have received if he had not been wrongfully

terminated.  Plaintiff requests that the Court order the Town of Winchendon to take all

necessary steps to restore to the Plaintiff all pension benefits he would have received if he

had not been wrongfully terminated.  In particular, the Plaintiff requests that Court order

the Town of Winchendon to take all necessary steps to restore to the Plaintiff credit for

the years of service in the pension systems which the Plaintiff lost as a result of being

terminated and that the Town of Winchendon make any financial contributions to the

pension fund necessary to restore the years of service.

**2.    AUTHORITY OF THE COURT.**

As the name of the statute indicates, the purpose of the Uniformed Services Employment and Reemployment Rights Act ("USERRA") 38 U.S.C.A. §§ 4301-4333 is to "(1) to encourage noncareer service in the uniformed services by eliminating or minimizing the disadvantages to civilian careers and employment which can result from such service; (2) to minimize the disruption to the lives of persons performing service in the uniformed services as well as to their employers, their fellow employees, and their communities, by providing for the prompt reemployment of such persons upon their completion of such service; and (3) to prohibit discrimination against persons because of their service in the uniformed services." 38 U.S.C.A. §§ 4301-4333  The focus of USERRA is all about reemployment and insuring that servicemen and women do not suffer an adverse employment action as a result of their participation in the armed forces. 38 U.S.C.A. §§ 4312 specifically provides that "(a) Subject to subsections (b), (c), and (d) and to section 4304, any person whose absence from a position of employment is necessitated by reason of service in the uniformed services shall be entitled to the reemployment rights and benefits and other employment benefits of this chapter if (1) the person (or an appropriate officer of the uniformed service in which such service is performed) has given advance written or verbal notice of such service to such person's employer; (2) the cumulative length of the absence and of all previous absences from a position of employment with that employer by reason of service in the uniformed services does not exceed five years; and (3) except as provided in subsection (f), the

person reports to, or submits an application for reemployment to such employer in accordance with the provisions of subsection (e)."

Pursuant to 38 U.S.C.A. §4316, "[a] person who is reemployed under USERRA is entitled to the seniority and other rights and benefits determined by seniority that the person had on the date of the commencement of service in the uniformed services plus the additional seniority and rights and benefits that such person would have attained if the person had remained continuously employed." In regards to pension benefits, "[a]person reemployed under this chapter shall be treated as not having incurred a break in service with the employer or employers maintaining the plan by reason of such person's period or periods of service in the uniformed services. (B) Each period served by a person in the uniformed services shall, upon reemployment under this chapter, be deemed to constitute service with the employer or employers maintaining the plan for the purpose of determining the nonforfeitability of the person's accrued benefits and for the purpose of determining the accrual of benefits under the plan." 38 U.S.C.A. § 4318(a)(2A)

USERRA specifically authorizes the Court to grant requested relief.  38 U.S.C.A. §4323(d) provides that "(1) In any action under this section, the court may award relief as follows: (A) The court may require the employer to comply with the provisions of this chapter.  (B) The court may require the employer to compensate the person for any loss of wages or benefits suffered by reason of such employer's failure to comply with the provisions of this chapter.  (C) The court may require the employer to pay the person an amount equal to the amount referred to in subparagraph (B) as liquidated damages, if the court determines that the employer's failure to comply with the provisions of this chapter was willful. (2)(A) Any compensation awarded under subparagraph (B) or (C) of

3

paragraph (1) shall be in addition to, and shall not diminish, any of the other rights and benefits provided for under this chapter." 38 U.S.C.A. §4323(d) further provides that "[t]he court may use its full equity powers, including temporary or permanent injunctions, temporary restraining orders, and contempt orders, to vindicate fully the rights or benefits of persons under this chapter."

On June 18, 2008, the jury returned a verdict in favor of the Plaintiff against both Defendants for discrimination under USERRA. The equitable relief requested by the Plaintiff is appropriate and is in the interest of justice.

3.    **WITNESS LISTS.**

In support of his request for equitable relief, the Plaintiff will call the following witnesses to testify on the matters set forth:

1.    **Robert N. Harrington, Jr.**-The Plaintiff will testify to his current pension benefits and the pension benefits that he lost as a result of his termination.

2.    **Keeper of Records from Worcester County Retirement Board**-It is expected that the retirement board member will testify as to the Plaintiff's current pension benefits and the benefits the Plaintiff would have been entitled to if he had not been wrongfully discharged.

Respectfully Submitted,
The plaintiff,
By his attorney,

/s/ L. Richard LeClair, III
L. Richard LeClair, III,
BBO#561650
LeClair & LeClair, P.C.
707 Main Street
Waltham, MA 02451
781-893-5655

Date:    August 22, 2008

4